# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**JOHNNY STEVE TURNER**                                              **PLAINTIFF**

**VS.**                                           **CIVIL ACTION NO. 3:17-CV-377-DCB-LRA**

**LAWRENCE P. BOURGEOIS, JR.,**
**CIRCUIT CLERK OF HARRISON COUNTY**                  **DEFENDANT**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

On May 18, 2017, Plaintiff Johnny Steve Turner filed a Complaint against Defendant Lawrence P. Bourgeois, Jr., alleging that the circuit clerk has the wrong personal identification information regarding him in the records of the court. By Order [3] filed June 6, 2017, Plaintiff was granted *in forma pauperis* status. Plaintiff was referred to Federal Rule of Civil Procedure 4 and Local Uniform Civil Rule 4 for information regarding service of the summons and Complaint; he was advised that service must be completed within 90 days of filing the Complaint. The Clerk was instructed to send a blank summons form to Plaintiff, and Plaintiff was directed to complete it and request that it be issued and served if he wished to do so. At Plaintiff's request for service, this Court directed that the United States Marshals Service serve the summons and Complaint pursuant to 28 U.S.C. § 1915(d).

It is the opinion of the undersigned that this case should be dismissed *sua sponte* for Plaintiff's failure to prosecute his case by not having caused process to be issued and served within 90 days after filing the Complaint.

FED.R.CIV.P.4(m) provides as follows:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. ...

Plaintiff filed this case on May18, 2017. The time period for serving process originally expired on or about September 6, 2017, 90 days after the Complaint was filed and the Court entered its Order [3]. The Clerk mailed the correct forms to Plaintiff, but he never returned the completed forms or requested that the summons be issued. No request for additional time to serve process has been received. Plaintiff may have lost interest in pursuing his claims, or perhaps the issue regarding his identification was resolved.

For these reasons, it is the opinion of the undersigned that the Complaint filed by Plaintiff should be dismissed without prejudice for failing to serve process in accordance with Rule 4(m). If Plaintiff objects in a timely manner to dismissal and shows good cause as to why his case should not be dismissed, he should be granted additional time to cause process to be issued and served. This report and recommendation should serve as appropriate "notice to the plaintiff" as required by Rule 4(m).

Plaintiff is hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed

factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 1st day of February 2018.

S/ Linda R. Anderson<br>
UNITED STATES MAGISTRATE JUDGE