IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHNNY STEVE TURNER                                              PLAINTIFF

VS.                                CIVIL ACTION NO. 3:17-CV-377-DCB-LRA

LAWRENCE P. BOURGEOIS, JR.,
CIRCUIT CLERK OF HARRISON COUNTY                                 DEFENDANT

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on Magistrate Judge Linda R. Anderson's Report and Recommendation **(docket entry 4)**, to which no objections were filed by the plaintiff. Having carefully reviewed the Report and Recommendation, and applicable statutory and case law, the Court finds that plaintiff's case should be dismissed sua sponte for plaintiff's failure to prosecute the case by not having caused process to be issued and served within 90 days after filing the Complaint.

On May 18, 2017, Johnny Steve Turner ("Turner") filed a complaint against Defendant Lawrence P. Bourgeois, Jr., alleging that the Circuit Clerk of Harrison County had erroneous personal information regarding him in the records of the court. By Order of June 6, 2017, Turner was granted in forma pauperis status. (docket entry 3). Turner was referred to Federal Rule of Civil Procedure 4 and Local Uniform Civil Rule 4 for information regarding service of the summons and Complaint; he was advised that service must be completed within 90 days of filing the

Complaint. The Clerk was instructed to send a blank summons form to Turner, and Turner was directed to complete it and request that it be issued and served if he wished to do so. After the blank summons form was sent to Turner, he failed to complete the summons form and failed to request that the completed forms be issued and served to the defendants. If Turner had completed the summons form and requested that process be served, the Court would have directed that the United States Marshals Service serve the Complaint pursuant to 28 U.S.C. § 1915(d).

Fed.R.Civ.P. 4(m) provides as follows:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Turner filed this case on May 18, 2017, and the 90-day period for serving process expired on or about September 6, 2017. (docket entry 4). The Clerk mailed the correct forms to Turner, but he never returned them or requested that summons be issued. In addition, Turner never requested additional time to serve process. Magistrate Judge Anderson's Report and Recommendation was sent to the Plaintiff as "notice to the plaintiff" as required by Rule

4(m). However, the mail was returned as undeliverable. (docket entry 5).

In her Report and Recommendation, Magistrate Judge Anderson finds that the Complaint filed by Plaintiff should be dismissed without prejudice for failing to serve process in accordance with Rule 4(m).

Accordingly,

THE COURT HEREBY ADOPTS the Report and Recommendation of Magistrate Judge Anderson (docket entry 4) as the findings and conclusions of this Court, and dismisses this matter without prejudice.

A final judgment shall be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this 5th day of June, 2018.

_/s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE